## NEW-YORK SUPERIOR COURT.

### THOMASON agt. DEMOTT.

In order to maintain an action for *malicious prosecution*, it is necessary that the complaint should show that the alleged malicious prosecution has been *legally and finally terminated.*

*New - York, Special Term, October,* 1859.
DEMURRER to complaint.

BOSWORTH, Ch. Justice.   This is a demurrer to plaintiff's complaint, as not stating a cause of action.   The complaint alleges that the defendant maliciously, and without probable cause, procured the plaintiff to be indicted for perjury, and to be arrested and imprisoned on that charge; that on the 6th of November, 1858, the assistant district-attorney of the city and county of New-York wrote, and certified on the indictment thus: "On the papers there seems to have been no perjury committed; the cross-examination should be taken with the complaint; and the case is frivolous.   It should never be tried. November 6th, 1858," (signed by the assistant district-attorney.)   "Whereby," as the complaint avers, "the said prosecution, and all proceedings on the said indictment, were and are completely and finally closed and ended."

To maintain an action like the present, it is essential that the complaint should show that the alleged malicious prosecution has been terminated by the plaintiff's acquittal, or in such way that no further proceedings upon it can be had against him.   (*Clark* agt. *Cleveland,* 6 *Hill,* 344.)

Even a *nolle prosequi,* entered without the leave of the court, would be a nullity, (2 *R. S.* 728, *sec.* 56,) [*sec.* 54], and the court cannot enter a *nolle prosequi* of its own motion.   (*The People* agt. *McLeod,* 25 *Wendell,* 483–572.)   Nothing has been done to put an end to the indictment found against the plaintiff, except the indorsement upon it, by the assistant district-

attorney, of his opinion, as above copied.    That interposes no
obstacle to bringing the plaintiff to trial upon it.    The com·
plaint, therefore, is fatally defective, and the defendant must
have judgment; but the plaintiff may amend on payment of
costs.

## SUPREME COURT.

GEORGE G. HASTINGS, Receiver, &c., agt. DAVID THURSTON
and others.

Where the plaintiff, in his complaint, states the circumstances under which a de-
fendant made an assignment for the benefit of creditors, and sets forth the whole
assignment, and then alleges that it is fraudulent and void on its face, it is suf-
ficiently *definite and certain.*    That is, it is not necessary to allege and state
why, and for what reason, the assignment is fraudulent and void on its face.
And so the allegation (following the above) in the complaint, that the assignment
was made with intent to hinder, delay and defraud creditors, *held* sufficiently
definite and certain.

*New - York, Special Term, March,* 1860.
MOTION by defendants to make allegations in the complaint,
more definite and certain.

The complaint in this action states that plaintiff has been ap-
pointed receiver, under supplementary proceedings, on several
judgments recovered against the defendant Johnson, and has
accepted the appointment, and is vested with all the rights and
powers of such a receiver.    That on May 14th, 1859, Johnson
was owner and in possession of a large amount of property,
real and personal, and then executed to the defendants Thurs-
ton and Lefferts, an assignment (set forth at length) of certain
real estate, and of all his personal property, in trust for the
purposes in said assignment expressed; that Thurston and
Lefferts have accepted said assignment, and claim title to all
the property therein mentioned, and then proceeds as follows: