(23 Misc. Rep. 504.)

## PEOPLE v. KURMINSKY.

(Supreme Court, Criminal Term, New York County. January, 1898.)

DISMISSAL OF INDICTMENT—DISTRICT ATTORNEY—CONSTRUCTION OF STATUTES.
    The liquor tax law (Laws 1896, c. 112, § 38; Amendment of 1897, c. 312, § 37), making it the duty of the district attorney to prosecute violations thereof, and providing a penalty for neglect of duty, does not restrict him in the exercise of the authority conferred by Code Cr. Proc. § 671, to apply for the dismissal of an indictment, where he is satisfied a conviction cannot be had.

Prosecution by the people against Beckie Kurminsky. Application to dismiss indictment. Granted.

Asa Bird Gardner, Dist. Atty., for the People.
Mr. O'Haire, for defendant.

FURSMAN, J. This is an application to dismiss an indictment. The district attorney had indorsed upon the indictment the following statement:

"Were this case to be the subject-matter of an official recommendation to the court, I should unhesitatingly affirm the impossibility of a conviction upon the merits, and request the court to make a final disposition thereof by the dismissal of this indictment."

In view, however, of the provisions of sections 37 and 38 of the liquor tax law (Laws 1896, c. 112; Amendment of 1897, c. 312), he is in doubt whether such recommendation can properly and legally be made by him. He therefore submits that question to the court for determination.

At common law the attorney general alone had power to enter a nolle prosequi. This he could do without application to the court. Indeed, the court itself could not, of its own motion, direct the entry of this order. See People v. McLeod, 1 Hill, 377, at page 405. In actual practice, however, it became customary for district attorneys, who were regarded as in some sense representing the attorney general, to exercise this power. This very questionable practice led to the adoption of a provision in the Revised Statutes declaring it to be unlawful for any district attorney to enter a nolle prosequi upon any indictment, "or in any other way to abandon the same," without leave of the court. 2 N. Y. St. at Large (Edmond's Ed.) p. 752, § 54. Even under this statute it was said that the court could not, of its own motion, enter a nolle prosequi. Thomason v. De Mott, 18 How. Prac. 529. There was always, however, inherent power in the court to set aside an indictment in a proper case, whether of its own motion, or on motion of the accused or of the district attorney. People v. Brickner (O. & T.) 15 N. Y. Supp. 528; People v. Restenblatt, 1 Abb. Prac. 268; People v. Briggs, 60 How. Prac. 17 (see page 42, and cases there cited).

This was the history of the law concerning the rights and power of the court and the district attorney in relation to the disposition of indictments, otherwise than by trial, down to the adoption of the Code of Criminal Procedure.    By section 671 of that act, authority is conferred upon the district attorney to apply for the dismissal of an indictment; and the court is empowered to act upon such application, and to order such dismissal, or it may do so on its own motion.    The precise question here is whether there is anything in sections 37 and 38 of the liquor tax law taking from the district attorney the right to make the application provided for by section 671 of the Code of Criminal Procedure.    The power of the court to order such dismissal, of its own motion, cannot be questioned.    There is nothing in the liquor tax law prohibiting such action.    Section 37 of that act makes it the duty of the district attorney to prosecute any person violating any of the provisions of the act (Amendment of 1897, § 37), and section 38 (Act 1896) declares that:

"Any officer who shall neglect or refuse to perform his duty under the provisions of this act shall be liable to a penalty of five hundred dollars, * * * and if such officer be * * * a district attorney, shall be removed from office. * * *"

There are many statutes which impose specific duties upon district attorneys, and, although no special penalty is provided for a neglect or refusal to perform them, it has always been a recognized rule that where the law imposes a duty upon a public officer, and he neglects or refuses to perform it, he may be indicted therefor (Bouv. Law Dict. tit. "Negligence"), and of course, in certain cases, removed from office. Among the recognized duties of this officer is the prosecution of all offenders who are presented by indictment, and it is clear that a willful neglect or refusal to discharge this duty in any proper case will subject him to indictment, and expose him to removal from office; yet he has always had authority either to ask leave to enter a nolle prosequi (before the Code), or (since the Code) to apply for a dismissal of any indictment.    The state constitution (article 13), in relation to bribery, declares (section 6) that:

"Any district attorney who shall fail faithfully to prosecute a person charged with the violation in his county of any provision of this article which may come to his knowledge, shall be removed from office by the governor."

But there can be no doubt, I think, that if, after indictment, it is found that there is an entire failure of proof, the district attorney may apply to the court for a dismissal, under section 671, Code Cr. Proc., without exposing himself to the penalty thus prescribed for not "faithfully" prosecuting the person indicted.    Section 38 of the liquor tax law is highly penal, and is therefore to be construed with great strictness.    There is no provision of the act expressly repealing section 671 of the Code of Criminal Procedure; nor is there any conflict between them, such as to create a repeal thereof by implication. The statute does not mean that the district attorney shall prosecute a hopeless case.    The law never requires the performance of a vain thing.    Suppose, after an indictment found under this law, the district attorney, in commencing his preparation for trial, discovers that every witness has since died, and he is therefore without a particle of

proof.    Must he put the defendant upon trial, impanel a jury, open his case, and then declare that he is without the least proof to sustain the charge, and leave the court to direct an acquittal?    The legislature cannot have meant to require such a foolish thing.    This is, of course, an extreme case; but it furnishes an illustration by which the intent of the legislature, as affecting section 671, may well be tested. This section (671), and the duties and penalties imposed by sections 37 and 38 of the liquor tax law, are in harmony, rather than in conflict.    Thus considered, the requirement of section 37 is the performance by the district attorney of the duty of prosecution whenever there is fair reason to believe, from the evidence at command, or which by diligence may be obtained, that a conviction can be, or, if properly weighed, ought to be, had; and the penalty imposed by section 38 is for a willful or corrupt disregard of this duty, or, at most, a careless neglect to perform it.    But where a diligent and honest investigation discloses an utter want of necessary proof, or if for any other reason, in the intelligent and honest discharge of his duty, the district attorney becomes satisfied that a conviction cannot be had, he may avail himself of the provisions of section 671, and recommend a dismissal, without thereby exposing himself to any penalty whatever.    It would, indeed, be monstrous to say that a district attorney will make himself liable to a fine and removal from office for suggesting to the court a state of facts, and recommending a dismissal of an indictment thereon, in a case where the court might, and indeed ought, "in furtherance of justice," to direct a dismissal, of its own motion, upon deriving the same information from any other source.

Ordered accordingly.