Archibald C. Wemple, J.
The defendant charges in his affidavit of errors that the summons should have been dismissed because of (1) the failure of the People to prosecute at the time of the return of the summons; and (2) the People’s failure to prove beyond a reasonable doubt facts sufficient to constitute a violation of the alleged infraction.
The Trial Justice properly denied the defendant’s motion to dismiss for failure to prosecute. It is an accepted custom in courts to allow litigants a reasonable time to appear, and it is not uncommon to give the defendant an hour after the appointed time to arrive and answer a case. The record does not show that the defendant was prejudiced and, in fact, there is some explanation given as to why the trooper did not appear on the return *607 date of the summons. If, as suggested, a plea was to be made, the trooper’s presence was not necessary.
Under the circumstances, the position of the defendant on the first point is not well taken.
On the second point, as to the sufficiency of proof, this court finds, upon examination of the record and, in particular, upon the testimony found on page 5 of the minutes of the trial, that there were facts established sufficient to convince any trier of the facts that this defendant was speeding within the meaning of the Vehicle and Traffic Law. The trooper’s testimony on page 5, that he ‘1 was traveling at the rate of 85 to 90 miles an hour and the car in front of me was gaining slowly, ’ ’ and ‘ ‘ he gained probably 1000 feet on me ’’ and the further testimony of the trooper, “ Well, at no time during the 8/10ths of a mile did the car I was driving go less than 85 miles per hour ’ ’ ; and later, that the trooper ‘1 went as high as 100 miles an hour, ’ ’ to apprehend the defendant — all this testimony carries with it an inescapable conclusion that the defendant was at the time and place in question operating his car in excess of any reasonable or accepted speed limit known in the State of New York. Where facts such as these go uncontested and are of themselves so patently convincing of proof of the offense charged, evidence of the speed limit becomes academic.
This court finds, therefore, that even without proof of the speed limit established by the State Commission, the guilt of the defendant beyond a reasonable doubt has been established by the testimony herein.
Conviction affirmed. Enter order accordingly.