Archibald C. Wemple, J.
The defendant argues that the information herein was fatally defective and that, therefore, the defendant’s plea of guilty was a nullity. It follows that if the information was defective, there was no crime charged and the conviction thereunder was of no force and effect. The defendant cites People v. Williams (135 Misc. 564).
The learned Assistant District Attorney argued that the information was based upon the positive knowledge of the arresting officer and that the plea of guilty cured any alleged defects in the information. The prosecution argued that the plea waived all objections to any irregularities and is, in effect, an acknowledgment of the validity of the information. The District Attorney points out that the defendant knew he was pleading guilty to speeding; was advised of his rights; was represented by counsel; and knew exactly what he was doing.
A previous decision of this court in which, incidentally, the same defendant was also a defendant, this court ruled that the traffic ordinance in question contained a “true” exception, similar to that contained in section 56 of the Vehicle and Traffic Law of the State of New York. This court, in its decision dated *650 August 28, 1959, held that said traffic ordinance of the City of Schenectady authorized the Traffic Commission of the City of Schenectady to carry out certain functions in connection with control of traffic, including that of fixing speed limits within the city limits. The specific subdivision b of section 12 of the Traffic Ordinance, effective March 2, 1942, reads as follows:
“ (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.
“ (b) It shall be unlawful to operate any vehicle within the City of Schenectady in excess of 25 miles per hour, except as otherwise may be provided by rules of the Traffic Commission of the City of Schenectady.
“ (e) The violation of any of the provisions of this section shall constitute a misdemeanor.”
Following the Court of Appeals decision (People v. Smith, 299 N. Y. 707) this court holds that the burden is upon the People ‘ ‘ not only to allege in the information, but to prove upon the trial the specific speed limit in the locale where the arrest took place.” This speed limit determination must be a part of the information charging violation of the speeding ordinance of the City of Schenectady. It is essential for the information to allege what the specific speed limit is and that the speed limit was exceeded at the time and place of the arrest.
The- case at bar must be distinguished from a recent decision of this court (People v. Loucks, 20 Misc 2d 606), in which it was held that no proof of speed limit was necessary where the proof clearly indicated that the defendant was proceeding at a rate greater than any reasonable or acceptable rate of speed known in the State of New York. In such a case the speeding violation is so obvious and patent that proof of speed limit becomes academic and unnecessary. The law does not require the doing of the useless act whether in proof of a lawsuit or otherwise. In short, where the speed limit becomes an issue in a given case, adequate and legal proof of that limitation must be proven upon the trial.
Since the information did not contain the required information, it is fatally defective and the judgment of conviction herein must be reversed. The defendant’s plea of guilty did not cure a defect which went to the very essence of the crime.
For the reason herein stated, the conviction is reversed, the fine remitted and the record of speeding expunged from the license of the defendant.
Enter order accordingly.