■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. — Judgment of the Supreme Court, Bronx County (Daniel Sullivan, J.), rendered on June 30, 1980, convicting defendant, following a jury trial, of burglary in the first degree, burglary in the second degree, two counts of robbery in the second degree, assault in the second degree, assault in the third degree, criminal impersonation, criminal mischief in the fourth degree, and petit larceny and sentencing him, respectively (under indictment No. 607/75), to one indeterminate term of 8⅓ to 25 years, three indeterminate terms of 5 to 15 years, one indeterminate term of 2⅓ to 7 years, and four unconditional discharges, is modified, on the law, to the extent of dismissing the charge of petit larceny, and otherwise affirmed. ¶ As the defendant correctly contends, and the People do not dispute, the conviction for petit larceny must be set aside since it is a lesser included offense of the robbery charges. (*People v Grier,* 37 NY2d 847.) Based upon the facts of this case, the defendant could not have committed the robbery without also committing the larceny, the counts being inclusory and concurrent. ¶ Judgment of the Supreme Court, Bronx County (Daniel Sullivan, J.), rendered on June 30, 1980, convicting defendant, upon his plea of guilty, of robbery in the first degree and sentencing him (under indictment No. 356/75) to an indeterminate term of 8⅓ to 25 years, is affirmed. ¶ Judgment of the Supreme Court, Bronx County (Daniel Sullivan, J.), rendered on June 30, 1980, convicting defendant, upon his plea of guilty, of bail jumping in the first degree and sentencing him to an indeterminate term of 2⅓ to 7 years (under indictment No. 14/80), is modified, on the law, to the extent of reducing the sentence to 1⅓ to 4 years, and otherwise affirmed. ¶ Judgment of the Supreme Court, Bronx County (Daniel Sullivan, J.), rendered on June 30, 1980, convicting defendant, upon his plea of guilty, of bail jumping in the first degree and sentencing him to an indeterminate term of 2 ⅓ to 7 years (under indictment No. 23/80), is modified, on the law, to the extent of reducing the sentence to 1⅓ to 4 years, and otherwise affirmed. ¶ The sentences imposed by the trial court on the bail jumping charges were in excess of the statutorily permissible penalty. At the time of the crime, bail jumping in the first degree was an E felony punishable by a term of imprisonment not to exceed four years. (Penal Law, §§ 215.57, 70.00, subd 2, par [e].) In view of the court's clear intention to impose the maximum allowable time, it is appropriate that defendant's sentence be reduced to 1⅓ to 4 years each rather than for this matter to be remanded for resentencing. Concur — Kupferman, J. P., Sandler, Fein, Milonas and Kassal, JJ.