■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SOLOMON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Goldberg, J.), both rendered May 17, 1988, convicting him of robbery in the second degree under indictment No. 8512/87 and robbery in the second degree under indictment No. 10677/87, upon his pleas of guilty, and imposing sentences, and from an amended judgment of the same court, also rendered May 17, 1988, revoking a sentence of probation previously imposed by the same court (Miller, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under indictment No. 4917/82.

Ordered that the judgments are affirmed; and it is further,

Ordered that the amended judgment is modified, on the law, by reducing the sentence imposed from 3½ years to 7 years to 2⅓ years to 7 years; as so modified, the amended judgment is affirmed.

The record establishes that the defendant has two prior judgments of conviction for criminal possession of a weapon in

the third degree under Penal Law § 265.02 (4), a class D violent felony offense (see, Penal Law § 70.02 [1] [c]). Thus, contrary to the defendant's contention, he was properly adjudicated to be a persistent violent felony offender upon the instant convictions of robbery in the second degree, despite the fact that he had not previously been sentenced as a second felony offender (see, Penal Law § 70.08 [1]; § 70.04 [1] [b]; *People v Herrar,* 120 AD2d 614).

As the People properly concede, however, the sentence imposed upon the defendant's violation of probation, 3½ to 7 years' imprisonment, was improper. The term of probation was imposed upon the defendant's conviction for criminal possession of a weapon in the third degree, a class D violent felony, which at that time was the defendant's first felony conviction. Thus, the maximum statutorily authorized sentence is 2⅓ to 7 years. Since the record reflects that the maximum sentence was intended by the court, and contemplated by the plea bargain, we have reduced the sentence accordingly (see, *People v Lawson,* 122 AD2d 813; see also, *People v Paxhia,* 140 AD2d 962; *People v Jones,* 101 AD2d 738). Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.