■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BANDERA, Appellant. [611 NYS2d 290] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered May 7, 1992, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erroneously denied suppression of evidence and statements because he was arrested for harassment, which is a violation (see, Penal Law former § 240.25 [1]), in contravention of the mandate of CPL 140.10 (1) (a) which requires such an offense (see, CPL 1.20 [39]) be committed in the officer's presence for a warrantless arrest to be validly effectuated. Accordingly, he asserts, since the arrest was invalid, statements made by him as well as drugs recovered incident to that arrest should have been suppressed. However, notwithstanding that the arresting officers subjectively believed that the defendant had committed only harassment, a violation, the information provided in person by the identified complainant (see, e.g., People v Cotton, 143 AD2d 680) provided the officers with sufficient objective facts constituting probable cause to justify an arrest for crimes including assault in the third degree (see, Penal Law § 120.00). It is well-settled that the subjective beliefs of the arresting officers are not controlling on the issue of whether probable cause exists for an arrest (see, People v Green, 103 AD2d 362). Rather, it is for the court to make this determination upon a review of all relevant objective information known to the officer at the time of the arrest (see, People v Lopez, 95 AD2d 241; see also, People v Wheeler, 123 AD2d 411). In this case, the complainant's contemporaneous accusations that the defendant had physically assaulted her and had previously attempted to hit her with a chair were sufficient to provide the officers with probable cause to arrest the defendant on felony charges. As such, the criminal acts need not have been committed in the officer's presence and the arrest and search incident thereto were lawful. Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.