■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM BLOUNT, Respondent. [647 NYS2d 888] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Cayuga County Court for further proceedings on indictment. Memorandum: The People contend that County Court erred in dismissing the indictments charging defendants with promoting prison contraband in the first degree (Penal Law § 205.25 [2]) on the ground of selective prosecution. We agree.

The underlying right asserted by defendants is to equal protection of the law as guaranteed by the Federal and New York State Constitutions (see, US Const 14th Amend; NY Const, art I, § 11). They forbid a public authority from apply-

ing or enforcing a valid law "with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances" (*Yick Wo v Hopkins*, 118 US 356, 373-374). That principle is recognized in the enforcement and prosecution of criminal laws (*see, People v Goodman*, 31 NY2d 262, 268-269, *rearg denied* 32 NY2d 705). In order for a defendant to meet the " 'evil eye' " and " 'unequal hand' " requirements, "there must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification" (*Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693). Moreover "[t]he burden of proving a claim of discriminatory enforcement is a weighty one" (*Matter of 303 W. 42nd St. Corp. v Klein, supra*, at 694).

Here, the record shows that between January 1993 and August 1995 there were 494 incidents involving possession of dangerous contraband by inmates incarcerated in New York State correctional facilities located in Cayuga County. By letter dated March 14, 1995, the District Attorney of Cayuga County advised correction officials of his intent to increase the number of criminal prosecutions of inmates in those facilities found to be in possession of dangerous contraband. The letter stated that criminal prosecutions would be pursued in matters that fell within several general guidelines, including: the location, nature, size and configuration of the weapon, the inmate's history of disciplinary problems and whether the inmate was within $3^1/2$ years of his release date. The list of guidelines was described to be instructional and not exhaustive.

The record further shows that, of the 494 incidents involving possession of dangerous contraband, the District Attorney's Office decided to prosecute 13. Of those 13, eight, including defendant's, involved inmates who were within $3^1/2$ years of their maximum release date and five who were not. Thus, 61.5% of the cases prosecuted involved inmates similarly situated to defendants. Therefore, we conclude that the record establishes the selective application of the law in this case was not based upon an impermissible standard or some other arbitrary classification. (Appeal from Order of Cayuga County Court, Corning, J.—Dismiss Indictment.) Present—Denman, P. J., Green, Callahan, Doerr and Davis, JJ. *[See,* 167 Misc 2d 260.]