OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who is charged with two counts of burglary in the second degree and related crimes, makes this applica *250 tion pursuant to CPL 710.20 (1) to suppress fingerprint comparison evidence upon the ground that the first set of fingerprints was secured as the result of an illegal arrest.
The defendant was arrested by the police on a charge of trespass, and subsequent thereto his fingerprints were obtained during the booking process. Prior to this arrest of the defendant, a residential burglary had occurred, and the police had located fingerprints at the burglarized residence. Although the police were in possession of the defendant’s fingerprints from previous arrests, they compared the fingerprints relative to the trespass arrest with the fingerprints at the burglary scene. The two sets of fingerprints matched, so the defendant was arrested for the burglary of the residence.
The defendant argues that he was arrested on a charge of trespass, a violation, for an alleged incident that occurred outside of the officer’s presence, so that his arrest was violative of CPL 140.10 (1) (a) (see, People v Bandera, 204 AD2d 340, lv denied 83 NY2d 1002). The People respond that the defendant was arrested for criminal trespass in the third degree, a class B misdemeanor, which arrest was authorized by CPL 140.10 (1) (b) and did not require that the officer witness the incident (see, People v Bandera, supra).
Thus, a factual dispute has been generated, which normally would require a pretrial hearing, unless another method of resolution is permissible.
The doctrine of "attenuation” would obviate the necessity for a pretrial hearing, but its nonapplicability is demonstrated by two similar cases.
In People v Pleasant (54 NY2d 972, cert denied 455 US 924), the defendant was unlawfully arrested in Suffolk County (as was later decided when the Appellate Division reversed the conviction), and the Bronx County police received information about the defendant as a consequence; the Bronx County police procured the defendant’s photograph from the Bureau of Criminal Investigation, and two victims of the Bronx County robbery identified the defendant in a photographic array; the defendant was arrested on a warrant issued by a Bronx County court, and he was subsequently convicted of the robbery. The Court of Appeals affirmed the denial of suppression in Bronx County because only the defendant’s identity had been obtained from the unlawful arrest in Suffolk County, and the defendant’s arrest on the warrant from Bronx County dissipated any taint from the illegal arrest in Suffolk County.
People v Vu Xuan (NYLJ, Oct. 2, 1997, at 29, col 3) was a case where the defendant was arrested for a robbery in Bronx *251 County, and his fingerprints were processed; the defendant was arrested for a robbery in Queens County, and his photograph was published in a Queens County newspaper; the victim in the Bronx County robbery recognized the defendant’s photograph, and the two sets of fingerprints were compared; the Bronx County robbery victim identified the defendant in a lineup, and the defendant was then arrested and indicted; approximately 13 months thereafter, the Queens County robbery charge was dismissed, due to his illegal arrest in that County; the defendant moved to suppress in Kings County, claiming that without the illegal arrest in Queens County there would have been no photograph, no fingerprints comparison and no lineup identification. The court denied suppression and held that the determination in Queens County, subsequent to the Bronx County indictment, did not retroactively taint the evidence procured in Bronx County.*
There being no elements of attenuation in this case, i.e., no arrest upon a warrant and no passage of time, there is nothing to dissipate the taint of the defendant’s alleged unlawful first arrest. However, there are other reasons that foreclose a pretrial hearing.
People v Pleasant (supra) provides the first reason for the refusal to grant a hearing. The Court of Appeals in a footnote concluded that the identifications in Bronx County that emanated from the photographic array were not tainted, because the defendant’s photograph was obtained from the Bureau of Criminal Investigation, and not the Suffolk County police, and this was a source independent of the Suffolk County illegal arrest. Here, the police could have utilized their own files to effect a comparison of the defendant’s fingerprints, and this would have been a source independent of the defendant’s alleged unlawful first arrest. Based on this analogy, there should be no penalty exacted for their failure to do that.
The second reason for denying a hearing is that the legal maxim "Lex neminem cogit ad vana seu inutela peragenda” ("The law compels no one to do vain or useless things” [Black’s Law Dictionary 912 (6th ed)]) may be invoked (People ex rel. Brackett v Kaiser, 209 App Div 722, 728 ["law considers the substance rather than the form * * * (and) does not require *252 the performance of useless acts”]; People v Hosier, 20 Misc 2d 649, 650 ["The law does not require the doing of the useless act whether in proof of a lawsuit or otherwise”]; People ex rel. Decker v Page, 125 Misc 538, 540 ["the law does not * * * require the doing of a useless or unnecessary thing”]; People v Kurminsky, 23 Misc 504, 507 ["The law never requires the performance of a vain thing”]).
The police at any time prior to trial could compare the fingerprints from the scene of the burglary to the defendant’s fingerprints they already had in their possession prior to this "unlawful” arrest, so it would be futile to hold a pretrial hearing, which possibly could result in an unnecessary suppression of the defendant’s fingerprint comparison.
Accordingly, the defendant’s application to suppress the comparison of his fingerprints is denied.

 This is probably a finding of attenuation due to the passage of time, but People v Pleasant (54 NY2d 972, supra), upon which this decision relied, attached no significance to the Appellate Division’s holding that the defendant’s first arrest was unlawful (People v La Borde, 66 AD2d 803), which decision was rendered over 20 months after the first indictment.