*453 OPINION OF THE COURT
Donald J. Mark, J.
This was an application by the People,[1] pursuant to Penal Law § 70.10, requesting that the defendant, who was convicted of the crime of burglary in the third degree, be adjudicated a persistent felony offender.
The defendant was found guilty of the crime of burglary in the second degree, a violent felony, on February 3, 1995, and the People applied for an order treating the defendant as a persistent felony offender. A persistent felony offender hearing was conducted on May 12, 1995, after which the court reserved decision. The People thereafter withdrew their application before a decision was rendered, and applied to have the defendant adjudicated a persistent violent felony offender in accordance with Penal Law § 70.08. The defendant admitted to convictions for two prior violent felonies to which he had no constitutional challenge, so on May 18, 1995, the defendant was adjudicated a persistent violent felony offender and sentenced to imprisonment from 10 years to life.
Thereafter, on March 14, 1997, the Appellate Division, Fourth Department, reversed the defendant’s conviction (People v Williams, 237 AD2d 982, lv denied 90 NY2d 866).[2] The defendant was then offered a plea bargain wherein he would plead guilty to the crime of burglary in the second degree with a sentence promise of incarceration from eight years to life, but he rejected this offer and decided he wanted to be retried. The defendant’s second trial resulted in a not guilty verdict on the crime of burglary in the second degree and a guilty verdict on the lesser included offense of burglary in the third degree.
Apparently, because the defendant’s conviction for the crime of burglary in the third degree, a nonviolent felony, rendered him ineligible to be sentenced as a persistent violent felony offender, the People elected to request that the defendant be *454 treated as a persistent felony offender, alleging the same grounds as in their original application.
The defendant resisted that application upon the grounds (1) that the People must be deemed to have abandoned their application to have the defendant adjudicated a persistent felony offender and that is the law of the case; (2) that CPL 400.20 (10) precluded the People from resurrecting that persistent felony offender proceeding; (3) that to impose the minimum allowable sentence under CPL 70.10, 15 years to life imprisonment, would not be constitutionally permissible, because that would result in a more severe sentence after retrial; and (4) that in any event the ultimate sentence that could be imposed should not exceed imprisonment for eight years to life, the offer that the defendant rejected prior to the second trial.
The prosecutor responded (1) that the doctrine of the law of the case did not preclude the People from renewing their request that the defendant be adjudicated a persistent felony offender; (2) that the substitution of the proceedings did not violate CPL 400.20 (10) in that the only ingredient lacking was the decision of the court; (3) that a more severe sentence would not be unconstitutional, because the defendant’s institutional record would constitute a sufficient reason to enhance his sentence; and (4) that in rejecting the plea bargain and proceeding to the second trial, the defendant exposed himself to an additional penalty upon conviction. ;
These issues will be discussed seriatim.
(1) The law of the case doctrine was inapplicable.
The People were not bound by their election to initially apply to have the defendant treated as a persistent violent felony offender, and that decision did not constitute the law of the case (see, People v Wright, 104 Misc 2d 911 [first court vacated defendant’s guilty plea, because it declined to comply with its promise to sentence defendant as a predicate felony offender, and found that the defendant was a persistent felony offender; after the defendant was found guilty after trial, the second court concluded that the first court’s determination that the defendant had two prior constitutionally obtained felonies was binding on the second court as the law of the case, as that was a pure legal determination, but the first court’s determination that the defendant was a persistent felony offender was not binding on the second court as the law of the case, as that was a discretionary finding]).
Therefore, the doctrine of the law of the case did not operate to prevent the People’s application to have the defendant *455 treated as a persistent felony offender, after he was previously adjudicated a persistent violent felony offender.
(2) CPL 400.20 (10) was not applicable to the second application.
CPL 400.20 (10) provides as follows: “Termination of hearing. At any time during the pendency of a hearing pursuant to this section, the court may, in its discretion, terminate the hearing without making any finding. In such case, unless the court recommences the proceedings and makes the necessary findings, the defendant may not be sentenced as a persistent felony offender.”
The defendant argued that by virtue of this subdivision, the People abandoned their application that the defendant be treated as a persistent felony offender by not requesting the court to make a finding that the defendant was a persistent felony offender after that hearing. The simple answer is that the hearing was not terminated but continued to its conclusion. The fact that no finding was made after the completion of that hearing was not tantamount to a discontinuance of the hearing (see, People v Washington, 119 AD2d 894, lv denied 68 NY2d 673 [the court in 1975 refused to consider the defendant’s 1954 conviction as a prior felony but made no findings as to its constitutionality; this did not preclude the court in 1984 from finding the 1954 felony conviction constitutional and sentencing the defendant as a predicate felon]; People v Melendez, 141 AD2d 860, lv denied 73 NY2d 788 [decision after suppression hearing delayed without objection until trial in progress]).
Thus, subdivision (10) did not operate as a bar to the defendant being adjudicated as a persistent felony offender.
(3) A sentence in excess of the first sentence would have been unconstitutional as applied.
Treating the defendant as a persistent felony offender after his conviction upon retrial triggered a minimum sentence of 15 years to life imprisonment pursuant to Penal Law § 70.10, in contrast to the sentence of 10 years to life imprisonment pursuant to Penal Law § 70.08 imposed after his first conviction. There is a presumption of impermissible vindictiveness where a defendant is sentenced more severely upon his conviction after a second trial following a successful appeal upon his conviction from his first trial (North Carolina v Pearce, 395 US 711; People v Van Pelt, 76 NY2d 156; People v Cosme, 203 AD2d 375), unless there is “objective information concerning identifi *456 able conduct on the part of the defendant occurring after the time of the original sentencing proceeding” (North Carolina v Pearce, supra, at 726), “a record articulation of some event becoming known or available only after the first sentence and justifying the more severe sentence” (People v Van Pelt, supra, at 161).
The People sought to counteract this caveat by requesting the reopening of the persistent felony offender hearing to present information concerning conduct on the part of the defendant occurring after the time of the imposition of the first sentence. The prosecutor alleged that after the defendant’s incarceration following the first conviction, within an approximately 10-month period, he was involved in six violations of the correctional facility’s rules, and they resulted in administrative hearings, guilty adjudications and corresponding penalties; he claims that these incidents during confinement would justify an increased punishment and would comply with the mandate of the case law in this regard.[3]
However, even had this court reopened that hearing to confirm the administrative findings of the correctional facility, it would have found that to be an insufficient basis to enhance the defendant’s punishment so drastically after retrial (see, People v Blount, 231 AD2d 860, affd 90 NY2d 998 [not selective prosecution because not all charges of promoting prison contraband were prosecuted by District Attorney]).
To sentence the defendant upon his conviction for burglary in the third degree to confinement for 15 years to life, after he was sentenced to confinement for 10 years to life upon his conviction for burglary in the second degree, would be to have unconstitutionally applied Penal Law § 70.10 (see, People v Thompson, 83 NY2d 477; People v Broadie, 37 NY2d 100, cert denied 423 US 950; People v Van Pelt, supra; People v Cosme, supra [defendant, who was offered sentence of six[4] to eight years to life imprisonment to cover a charge of robbery in the second degree and two other pending indictments, if he pleaded guilty to all three crimes, and 15 years to life imprisonment after his conviction on the robbery charge if he pleaded guilty to *457 the remaining two crimes, was impermissibly penalized for asserting his right to trial after rejecting that second offer also, by being sentenced upon his robbery conviction only as a persistent violent felony offender to 25 years to life imprisonment]).
Thus, the defendant’s sentence could not exceed confinement for 10 years to life.
(4) The rejected plea bargain of a sentence promise of eight years to life imprisonment was not binding,
Since the defendant prior to his second trial rejected the plea bargain which would have resulted in a sentence of incarceration for eight years to life, the court was not bound by that sentence promise although the defendant was found guilty of a lesser crime (see, People v Thompson, supra [defendant who rejected sentence of three years to life confinement validly sentenced to mandatory minimum of 15 years to life confinement]; People v Donovan, 59 NY2d 834 [defendant who rejected sentence of one to three years’ confinement validly sentenced to mandatory minimum of 15 years to life confinement];[5] People v Cosme, supra [defendant, who rejected a sentence of six or eight years to life confinement if he pleaded guilty to three crimes, and 15 years to life confinement after conviction by trial for one crime if he pleaded guilty to other two crimes, and after rejecting both offers, was sentenced on the only convicted charge to 25 years to life confinement as a persistent violent felony offender, was successful in having his sentence reduced upon appellate review to 15 years to life confinement]).
Conclusion
The persistent felony offender hearing proceeded to its conclusion, and was not terminated as that term appears in CPL 400.20 (10), so this court validly relied upon the evidence adduced at that hearing upon reading the transcript to determine if the defendant should be treated as a persistent felony offender (see, Matter of Embser, 90 NY2d 711 [Commission on Judicial Conduct may summarily determine a judicial misconduct charge against Village Justice on the basis of the findings of a prior attorney disciplinary proceeding which disbarred him]; People v Thompson, 90 NY2d 615 [permissible for second Judge who familiarized himself with prior proceed *458 ings by reading transcript to be substituted for incapacitated Judge and to continue trial]).[6]
When the defendant was sentenced as a persistent violent felony offender, the defendant’s conviction for the crime of burglary and two prior violent felonies were the basis for that sentence. Despite the fact that the defendant could no longer be treated as a persistent violent felony offender because his conviction upon retrial was for a nonviolent felony, that previous sentence was not necessarily a factor in the second sentencing (see, People v Solomon, 156 AD2d 400, lv denied 75 NY2d 871 [defendant could be adjudicated a persistent violent felony offender even though he had not been previously sentenced as a second felony offender]).
This court was then free to consider all of the defendant’s prior criminal history in treating the defendant as a persistent felony offender (see, People v Terry, 117 AD2d 761, lv denied 67 NY2d 951),[7] and there was no prohibition against sentencing the defendant to the same sentence imposed after his first trial (see, People v Cosme, 203 AD2d 375, supra).
Accordingly, the defendant was properly sentenced as a persistent felony offender to an indeterminate sentence of imprisonment for 10 years to life.

. Interestingly, Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11A, CPL 400.20, at 274) indicates that it is the court, rather than the District Attorney, which initiates this proceeding; in this county it is customary for the District Attorney to make this application, and this does not detract from its efficacy (see, People v Wright, 104 Misc 2d 911).

. Only one charge of burglary is germane to this decision; however, this case involved different theories of burglary, lesser included offenses and related misdemeanors. This conviction was reversed because an impermissible verdict sheet was submitted to the jury to assist in its deliberations; such use is authorized under certain conditions today by CPL 310.20.

. In addition to other responses, the defendant makes the novel argument that since the alleged incidents took place after an illegal conviction, they should not be considered on this issue (see, People v Bell, 138 AD2d 298, 300 [dissenting opn], affd for reasons stated in dissent 73 NY2d 153, 165); there is no reason to answer this argument, as it is not a factor considered in this decision.

. The lesser sentence was contingent upon the prosecutor’s approval.

. The facts are the same in People v Jones (39 NY2d 694).

. The maxim that the law does not compel the performance of a useless act (People ex rel. Brackett v Kaiser, 209 App Div 722; People v Williams, 175 Misc 2d 249 [1997]; People v Hosier, 20 Misc 2d 649) could also be invoked here.

. This case was cited because the criminal record of the defendant in that case was remarkably similar to the defendant’s criminal record in this case.