■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. — Judgment of the Supreme Court, Queens County (Lakritz, J.), rendered March 9, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. GELNAW, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County (Ingrassia, J.), imposed March 13, 1978, upon his conviction of burglary in the third degree, on his plea of guilty, the sentence being a definite prison term of five months. Sentence modified, as a matter of discretion in the interest of justice, by reducing the period of incarceration to the time already served. As so modified, sentence affirmed. The sentence was excessive to the extent indicated. Mollen, P.J., Mangano, Margett and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. L. MARKMAN, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Doolittle, J.), rendered December 21, 1978, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. We agree with the defendant's contention and the People's concession that the defendant's confession made to Detective Spitzer should have been suppressed and not admitted at trial, for it was obtained in violation of his right to counsel (see *People v Kazmarick,* 52 NY2d 322; *People v Cunningham,* 49 NY2d 203; *People v Rogers,* 48 NY2d 167). We cannot agree with the People's contention, however, that there was no reasonable possibility that its admission might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt (see *Chapman v California,* 386 US 18; *Fahy v Connecticut,* 375 US 85; *People v Crimmins,* 36 NY2d 230). Though the testimony of the People's eyewitnesses may constitute overwhelming evidence of defendant's guilt, that alone is not enough to characterize the improper admission of the confession as harmless; it is merely the threshold level that must be reached before a consideration of whether or not there is a reasonable possibility that the confession contributed to defendant's conviction (see *People v Crimmins, supra).* In view of the nature of the testimony adduced at trial and that identification was, perhaps, the single issue pervading the trial, it is not unreasonable that the jury could very well have considered the confession in resolving any doubts it may have had concerning defendant's identification. Gulotta, J. P., Cohalan, O'Connor and Thompson, JJ., concur.