■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PATTERSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered November 24, 1980, convicting him of robbery in the first degree (three counts) and criminal possession of stolen property in the third degree (two counts), upon a jury verdict, and sentencing him to 8⅓ to 25 years' imprisonment on each robbery count and one year's imprisonment on each possession of stolen property count, all of said terms of imprisonment to run concurrently.

Judgment modified, on the law and as a matter of discretion in the interest of justice, by reducing the sentence on each robbery count to 5 to 15 years' imprisonment. As so modified, judgment affirmed.

Plea bargaining is an acknowledged part of our criminal justice system (*Bordenkircher v Hayes,* 434 US 357). During the bargaining process, the State may encourage a guilty plea by offering certain benefits, such as a reduced exposure to the potential maximum sentence otherwise available, notwithstanding the fact that this has the effect of discouraging a defendant's assertion of his right to a trial (*Corbitt v New Jersey,* 439 US 212; *People v Pena,* 50 NY2d 400, cert den 449 US 1087). By pleading guilty, the defendant may avoid the danger of a more serious conviction with its attendant consequences. The People, in turn, are relieved of the need to try the defendant, produce witnesses, or inconvenience the complainant, and they avoid the ultimate danger that the trial may not end successfully for the prosecution. Guilty pleas also help to conserve the

rather limited resources available to prosecutorial agencies and the judicial system. There can be little doubt, however, that the sentence offered as an inducement for a guilty plea is at times more reflective of the respective bargaining leverages of the parties than the purer principles that should underlie a sentence imposed in the absence of the plea-bargaining process.

Once a defendant has been convicted after trial, the sentence to be imposed can reflect the sentencing principles appropriate to the individual case, for the leverages involved in the plea-bargaining process are gone. Therefore, the fact that a sentence imposed after trial is greater than that offered during a plea negotiation is no indication that the defendant is being punished for asserting his right to proceed to trial. A person may not, of course, be punished for doing what the law allows him to do (*Bordenkircher v Hayes, supra; People v Pena, supra*). If a defendant refuses to plead guilty and goes to trial, retaliation or vindictiveness may play no role in sentencing following a conviction (*Corbitt v New Jersey, supra*). Rather, the conventional concerns involved in sentencing, which include the considerations of deterrence, rehabilitation, retribution, and isolation, must be the only factors weighed when sentence is imposed (*People v Suitte,* 90 AD2d 80; *People v Notey,* 72 AD2d 279). In this case, the record establishes that in imposing sentence, the trial court impermissibly increased defendant's punishment solely for asserting his right to a trial. Based upon our independent review of the proper factors to be considered, we have reduced the sentence to one which satisfies the acceptable objectives of sentencing.

Defendant claims that there were several errors in the court's charge to the jury, but these alleged errors have not been preserved for appellate review (CPL 470.05, subd 2; *People v King,* 91 AD2d 1073; *People v Giles,* 87 AD2d 636), and, under the circumstances of this case, we decline to exercise our interest of justice jurisdiction to review the issues raised. Furthermore, the prosecution's summation did not deprive defendant of a fair trial (see *People v Rivera,* 39 NY2d 519; *People v Garcia,* 72 AD2d 356, affd 52 NY2d 716). Accordingly, the judgment, as modified, should in all other respects be affirmed. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.