THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ACCOLLA, Appellant.

The defendant failed to raise a timely challenge to the seating of an alternate juror on the ground that the juror's relationship to the Trial Judge was likely to preclude her from rendering an impartial verdict *(see,* CPL 270.20 [1] [c]), when the fact of the juror's position as a member of the Trial Judge's reelection campaign committee was disclosed during the voir dire. Therefore, the defendant waived the objection *(see,* CPL 270.15 [4]; *People ex rel. Green v La Vallee,* 55 AD2d 958), and failed to preserve the issue of appellate review *(see,* CPL 470.05 [2]).

On two separate occasions, once after informing both counsel who voiced no objection, and a second time, after informing the defendant, who said he did not object, the Trial Judge and his spouse dined out with the alternate juror and her spouse. It was improper for the Trial Judge to do so. Code of Judicial Conduct, Canon 2, states that "A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His

Activities". Although the juror's position on the Trial Judge's campaign committee created no conflict of interest on the part of the juror vis-à-vis the defendant *(cf. People v Shinkle,* 51 NY2d 417), the people are entitled to protection against the appearance of impropriety *(see, People v Shinkle, supra).* The defendant, however, was not prejudiced by the appearance of impropriety as the record indicates that the alternate juror did not take part in the deliberations, that each time before the jury left the courtroom they were instructed not to discuss the case, and that the defendant's guilt was overwhelmingly proven.

The record also indicates that in imposing sentences, the trial court impermissibly increased the defendant's punishment solely for asserting his right to a trial *(see, People v Patterson,* 106 AD2d 520). Based on our independent review of the proper factors to be considered *(People v Suitte,* 90 AD2d 80), we have reduced the sentences to that which complies with the acceptable objectives of sentencing. Under the sentences, as modified by this court, the defendant will be required to serve 4 to 12 years' imprisonment.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.