■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL PETERSON, Appellant.—Appeal by the defendant from two judgments of the County Court, Orange County (Ritter, J.), both rendered November 12, 1982, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) under indictment No. 77/82, and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment No. 79/82, upon jury verdicts, and sentencing him to 8⅓ to 25 years' imprisonment on each of the six counts, two of the sentences to run consecutively and the remainder to run concurrently.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by providing that all of the sentences shall run concurrently. As so modified, the judgments are affirmed.

Contrary to the defendant's contention, there was no requirement that the Trial Judge be disqualified from presiding over the trial (see, People v Tartaglia, 35 NY2d 918, 919; People ex rel. Stickle v Fay, 14 NY2d 683; People v Harris, 117 AD2d 881, 882), notwithstanding our earlier decision which reversed the conviction of the defendant's accomplice (People v Smith, 120 AD2d 753). This is especially so since the defendant and Smith were tried separately, before juries (cf. People v Corelli, 41 AD2d 939; People v Vetrano, 42 AD2d 987), and while the Trial Judge, before assuming his judicial office, had, as an Assistant District Attorney, prosecuted Smith, he did not prosecute this defendant.

We do find, however, that the defendant's sentences were excessive to the extent indicated, as it appears that he was impermissibly penalized for asserting his right to a trial (see, People v Patterson, 106 AD2d 520). Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.