■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE REID, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered March 24, 1987, convicting him of robbery in the first degree, robbery in the second degree (two counts), grand larceny in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's refusal to sign a material witness order to secure the appearance at trial of a proposed defense witness, the codefendant Michael Williams, in the midst of the trial, was not an improvident exercise of discretion. Defense counsel failed to satisfy the requirement of CPL 620.30 (1) that an application for a material witness order be "made in writing and subscribed and sworn to by the applicant".

Moreover, even if we were to assume that the court should have granted the request, under the facts of this case, where the robbery victim and two eyewitnesses identified the defendant as an active participant in the crime, we would find that the court's refusal to do so was harmless beyond a reasonable doubt. The evidence of guilt was overwhelming, and there is no reasonable possibility that the proffered testimony of the codefendant, a longtime friend of the defendant, would have resulted in a verdict more favorable to the defendant (see, *People v Crimmins*, 36 NY2d 230, 243; *People v Grant*, 150 AD2d 388).

We further find that the sentence was not excessive (see, *People v Patterson*, 106 AD2d 520; *People v Suitte*, 90 AD2d 80). Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.