■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN L. HARTSON, Appellant.—Per Curiam. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 3, 1989, upon a verdict convicting defendant of the crimes of rape in the third degree and incest, and (2) by permission, from an order of said court, entered September 5, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following an investigation which produced evidence that defendant had recently engaged in sexual intercourse with his 14-year-old daughter and had sexually abused her over the course of a number of years, defendant was indicted for rape

in the third degree, sodomy in the third degree and incest. The matter proceeded to trial. During jury selection, the name of the Trial Judge's wife was drawn and she took her place in the jury box. She was ultimately sworn as a juror without challenge, notwithstanding full disclosure of her relationship to the Trial Judge, his assurance that he would be unaffected by any action taken with respect to the prospective juror by either attorney, and the fact that defendant had several peremptory challenges then remaining. The trial proceeded and defendant was convicted of rape in the third degree and incest and sentenced to concurrent indeterminate prison terms of 1 to 3 years. Defendant then moved to set aside the verdict upon the ground that he was denied a fair trial by virtue of the participation of the Trial Judge's wife. He now appeals from the judgment of conviction and, with the permission of a Justice of this court, the denial of his motion to vacate the judgment.

Defendant's primary contention on appeal is that the Trial Judge should not have permitted his wife to serve on the jury and that she should have been disqualified on the Trial Judge's own initiative. We agree. It is well settled that a defendant has a fundamental right to an impartial jury *(see, People v Colon,* 71 NY2d 410, 415, *cert denied* 487 US 1239) and where the impartiality of a juror is open to serious question, disqualification is the better practice *(People v Branch,* 46 NY2d 645, 651; *see, People v Purcell,* 103 AD2d 938, 939). Here, the juror's service gave the unmistakable appearance of impropriety *(see,* Code of Judicial Conduct Canon 2; *People v Accolla,* 124 AD2d 663, *lv denied* 69 NY2d 743). The People's argument that defendant has offered no evidentiary proof of actual prejudice is unavailing. First, such proof, under the circumstances, is likely to be out of defendant's reach *(see, People v Shinkle,* 51 NY2d 417, 420-421). Second, and more fundamentally, the argument overlooks the fact that it is the interest of the "public at large" *(supra,* at 421), and not merely the defendant, which must be served. Although an ethical violation involving the appearance of impropriety does not necessarily warrant reversal and a new trial *(see, People v Moreno,* 70 NY2d 403, 406-407; *People v Rieman,* 144 AD2d 110, 111-112), in our view, the right to the "fact and appearance" *(People v Shinkle, supra,* at 421) of a fair jury is so fundamental that the service of the spouse of the Trial Judge as a trial juror requires reversal of defendant's conviction *(see, supra; People v Accolla, supra).*

We recognize that defendant did not preserve a question of

law for our review by raising a timely challenge to the seating of the Trial Judge's wife *(see,* CPL 270.15 [4]; 470.05 [2]; *People v Accolla, supra).* Moreover, defendant's assignment of error does not fall into that narrow exception "affect[ing] the organization of the court or the mode of proceedings proscribed by law" *(People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197), "reviewable as a matter of law even in the absence of an appropriate objection" *(People v Udzinski,* 146 AD2d 245, 251, *lv denied* 74 NY2d 853; *see, People v Ahmed,* 66 NY2d 307 [absence of Trial Judge]; *Cancemi v People,* 18 NY 128 [jury of less than 12]). In our view, however, under the unusual circumstances prevailing here, given the importance of defendant's right to an impartial jury and the concomitant right of the public at large that the jury appear to be impartial *(see, People v Shinkle,* 51 NY2d 417, 421, *supra),* this is one of those rare cases necessitating the exercise of the discretion entrusted to us to reverse the judgment of conviction in the interest of justice *(see,* CPL 470.15 [3] [c]; [6] [a]).

Finally, we agree with defendant that County Court improperly permitted the admission of testimony concerning his alleged commission of prior incestuous acts *(see, People v Lewis,* 69 NY2d 321, 325). This evidence should not be allowed upon retrial. Defendant's remaining points are either meritless or have been rendered academic by the reversal of defendant's conviction.

Judgment and order reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of St. Lawrence County for a new trial. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.