■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CLEARWATER, Appellant. [702 NYS2d 921] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered February 17, 1997, convicting him of manslaughter in the second degree, driving while intoxicated (two counts), assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the first trial of this case, the trial court, *sua sponte,* declared a mistrial before an entire jury was impaneled and sworn. Consequently, the appellant was not placed in double jeopardy (*see, Matter of Brackley v Donnelly,* 53 AD2d 849). Accordingly, the standard to be applied in determining whether the court properly declared a mistrial is whether " 'the ends of public justice would otherwise [have been] defeated' " if a mistrial had not been declared (*Matter of Brackley v Donnelly, supra,* at 850). The decision to declare a mistrial is within the broad discretion of the trial court and is entitled to great deference (*see, Matter of Plummer v Rothwax,* 63 NY2d 243). Contrary to the defendant's contention, under the circumstances of this case, the trial court properly exercised its discretion in declaring a mistrial.

During the second trial, the court erred in instructing the jury, in the absence of a request by the defendant, that no adverse inference should be drawn from the defendant's failure to testify. Reversal is not warranted, however, because there is no reasonable possibility that the error contributed to the defendant's conviction (*see,* CPL 300.10 [2]; *People v Koberstein,* 66 NY2d 989; *People v Boyd,* 53 NY2d 912; *People v Aguirre,* 248 AD2d 546; *People v Bradshaw,* 154 AD2d 690). Additionally, in light of the overwhelming evidence of the defendant's guilt, to the extent that any of the prosecutor's remarks during summation were improper, any error was harmless (*see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.