■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES C. MORTON, Appellant. [734 NYS2d 249] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered May 20, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

On the afternoon of June 30, 1998, police officers conducted a search of defendant's first floor apartment at 213 Fourth Street in the City of Troy, Rensselaer County, pursuant to a search warrant. They found 21.29 grams of crack cocaine in a locked safe and an additional 97 milligrams of crack cocaine at the base of a dresser, both in defendant's bedroom. Defendant was indicted for two counts of criminal possession of a controlled substance in the third degree: count 1 alleged a violation of Penal Law § 220.16 (1) (possession of a narcotic drug with intent to sell) and count 2 alleged a violation of Penal Law § 220.16 (12) (possession of a substance containing a narcotic drug with an aggregate weight of one-half ounce or more). The action proceeded to trial and the jury convicted defendant of criminal possession of a controlled substance in the seventh degree as a lesser included offense under count 1 and criminal possession of a controlled substance in the third degree as charged in count 2. Defendant was sentenced as a second felony offender to a one-year jail sentence on the conviction of criminal possession of a controlled substance in the seventh degree and a concurrent indeterminate prison term of 12½ to 25 years on the conviction of criminal possession of a controlled substance in the third degree. He now appeals.

Initially, there is no merit to defendant's claim that his constitutional and statutory rights to a speedy trial were violated (CPL 30.20, 30.30). On August 4, 1998, defendant's counsel executed a written waiver of defendant's statutory speedy trial rights, and application of the *Taranovich* factors (*see, People v Taranovich*, 37 NY2d 442, 445) provides no basis for a finding that defendant was denied his constitutional right to a speedy trial. Under all the circumstances, we conclude

that the record before us provides no basis for the conclusion that County Court erred in its determinations to deny the motions.

We also reject the contention in defendant's *pro se* brief that the search warrant was not supported by probable cause because the reliability of the confidential informant had not been established. Evidence of the confidential informant's controlled buy of drugs at defendant's apartment only days prior to the issuance of the warrant satisfied the reliability prong of the *Aguilar-Spinelli* test (*see, People v Middleton*, 283 AD2d 663, 665; *People v Ackerman*, 237 AD2d 849, 851, *lv denied* 89 NY2d 1087; *People v Davenport*, 231 AD2d 809, 810, *lv denied* 89 NY2d 921).

We are also unpersuaded by defendant's claims concerning the weight or sufficiency of the trial evidence. We agree with the People that evidence of the existence of a large quantity of crack cocaine, together with defendant's birth certificate, Social Security card and other personal papers, in a locked safe in his bedroom provided a sufficient factual basis for the jury's implicit conclusion that defendant constructively possessed the drug (*see, People v Fuller*, 168 AD2d 972, 973-974, *lv denied* 78 NY2d 922; *see also, People v Watson*, 56 NY2d 632). In addition, viewing the evidence in a neutral light (*see, People v Carthrens*, 171 AD2d 387, 392) and weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn therefrom (*see, People v Bleakley*, 69 NY2d 490, 495), we are not persuaded that the jury's verdict is against the weight of the evidence.

We also reject defendant's claims of ineffective assistance of counsel. Based upon our review of the pretrial motions that have been included in the record on appeal, we are not persuaded that defendant's appointed counsel was ineffective by virtue of his failure to conduct an adequate pretrial investigation, to adequately research the applicable law and to prepare effective pretrial motions and in improperly waiving defendant's rights. In addition, counsel's conduct of the trial was vigorous and effective (*see, People v Benn*, 68 NY2d 941; *People v Seeley*, 231 AD2d 653, 654, *lv denied* 89 NY2d 929).

Of defendant's remaining contentions, only one warrants discussion; we agree with defendant's assertion that the sentence imposed on his conviction of criminal possession of a controlled substance in the third degree is harsh and excessive and should be reduced in the interest of justice. At the opening of jury selection, County Court advised defendant on the record that the indictment could be disposed of with a plea of

guilty to the class D felony of criminal possession of a controlled substance in the fifth degree in violation of Penal Law § 220.06 (5) (possession of 500 milligrams or more of cocaine) and a waiver of appeal, in which case defendant would be sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years. Although we surely recognize that defendant's election to proceed to trial effected a waiver of any right to the previously negotiated sentence (*see, People v Price,* 256 AD2d 596, *lv denied* 93 NY2d 928), the considerable disparity between the sentence offered prior to trial and that ultimately imposed after trial strikes us as too extreme a penalty for defendant's exercise of his constitutional right to a jury trial.

This is not a case where a particular problem with the People's case would have justified a substantial disparity between the pretrial offer and the sentence ultimately imposed after a conviction was obtained and the problem of proof therefore obviated (*cf., People v Maldonado [Bollo],* 205 AD2d 933, 934, *lvs denied* 84 NY2d 906, 908) or where the negotiated sentence was intended to induce the defendant to testify against another (*cf., People v Pena,* 50 NY2d 400, 411, *cert denied* 449 US 1087). To the contrary, at the time the offer was announced on the record here, the People's case against defendant was essentially unassailable in view of County Court's earlier resolution of the *Mapp* issue in favor of the People and the strong evidence of defendant's dominion and control over the apartment, his bedroom, and particularly the locked safe located in the bedroom. It would therefore appear that the offer was made with the full knowledge of defendant's prior criminal record and despite the reasonable expectation that the People would obtain a conviction of the class B felony charged in the second count of the indictment. It thus appears that, in making its sentencing determination, County Court may have placed undue weight upon defendant's ill-advised decision to reject the very favorable plea bargain and proceed to trial (*see, People v Cosme,* 203 AD2d 375; *People v Cox,* 122 AD2d 487, 489; *People v Patterson,* 106 AD2d 520). We are therefore persuaded to exercise our interest of justice jurisdiction (*see,* CPL 470.15 [6] [b]) to reduce the sentence on defendant's conviction of criminal possession of a controlled substance in the third degree to an indeterminate prison term of 5 to 10 years (*see,* CPL 470.20 [6]; Penal Law § 70.06 [3] [b]; [4] [b]).

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed

for the conviction of criminal possession of a controlled substance in the third degree to a prison term of 5 to 10 years, and, as so modified, affirmed.