■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD D. WALTERS, Appellant. [785 NYS2d 192]—

Mugglin, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered July 7, 2003, upon a verdict convicting defendant of the crime of rape in the first degree.

Of the many assignations of error urged by defendant's counsel on this appeal, we find none to be of such magnitude as to require reversal, with one exception. That exception is the claim, not raised at trial, that a seated juror was incompetent to serve because his wife is the prosecuting attorney's first cousin. When the juror advised defense counsel, the sole inquiry by anyone was defense counsel's question, "Anything about that relationship that would cause you to be favorable to that side?" and the juror's negative response. Although defense counsel used all of his peremptory challenges during the jury selection process, this juror was not challenged either peremptorily or for cause. As a result, defendant did not preserve a question of law for our review (*see* CPL 270.15 [4]; 470.05 [2]; *People v Hartson,* 160 AD2d 1046, 1047-1048 [1990]). However, "given the importance of defendant's right to an impartial jury and the concomitant right of the public at large that the jury appear to be impartial" (*People v Hartson, supra* at 1048), we exercise our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

CPL 270.20 (1) (c), among other things, disqualifies anyone from sitting as a juror who is related within the sixth degree of consanguinity or affinity to counsel for the People. The husband of the prosecuting attorney's first cousin falls within the prohibited degrees of affinity (*see Matter of von Knapitsch,* 296 AD2d 144, 148 [2002]). As such, he is automatically barred from sitting on this jury regardless of his claim that he could be impartial (*see People v Provenzano,* 50 NY2d 420, 424 [1980]; *People v Branch,* 46 NY2d 645, 651 [1979]). As the Court of Appeals observed, all of the protections afforded the accused at trial mean little unless those called to decide a defendant's guilt or innocence are free of bias (*see People v Branch, supra* at 652). As this juror was disqualified as a matter of law from serving, defendant's right to a fair and impartial trial was impaired.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion

in the interest of justice, and matter remitted to the County Court of Delaware County for a new trial.