■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHIE SIMMONS, Also Known as MICHAEL WASHINGTON, Appellant. [815 NYS2d 484]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered July 20, 2004, convicting him of burglary in the first degree, upon a jury verdict, and sentencing him to a determinate term of 25 years'

imprisonment. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and to suppress identification testimony.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the sentence to a determinate term of 15 years' imprisonment; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley,* 75 NY2d 887 [1990]; *People v Robinson,* 287 AD2d 582, 582-583 [2001]). However, we reach the issue in the interest of justice (*see People v Clark,* 6 AD3d 1066 [2004]; *see also People v Martin,* 4 AD3d 537 [2004]).

The defendant, who has no prior felony convictions and no history of violent crime, was offered a sentence of a determinate term of 8 years' imprisonment as part of a plea bargain. His more culpable codefendant pleaded guilty to robbery in the first degree and burglary in the first degree, and was sentenced to a determinate term of 15 years' imprisonment. Under the circumstances, the sentence of 25 years' imprisonment raises the inference that the defendant was penalized for exercising his right to a jury trial (*see People v Morton,* 288 AD2d 557 [2001], *cert denied* 537 US 860 [2002]; *People v Cosme,* 203 AD2d 375 [1994]; *People v Peterson,* 126 AD2d 680 [1987]; *People v Patterson,* 106 AD2d 520 [1984]). Accordingly, the defendant's sentence should be reduced to a determinate term of 15 years' imprisonment.

The defendant was not denied his right to effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant's remaining contentions, that the police lacked probable cause for his arrest and that the showup identifications were unduly suggestive, are without merit. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.