■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEQUAN ROBINSON, Appellant. [923 NYS2d 879]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered August 3, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Any inconsistencies in the identification witnesses' testimony were not of such magnitude as to render their testimony incredible or unreliable (*see People v Scipio*, 61 AD3d 899 [2009]; *People v Almonte*, 23 AD3d 392, 393 [2005]).

Contrary to the defendant's contention, the Supreme Court did not impermissibly punish him for exercising his right to

proceed with trial by imposing a sentence of 10 years of imprisonment after he rejected a plea offer of two years (*see People v Melendez*, 71 AD3d 1166, 1167 [2010]; *People v Zurita*, 64 AD3d 800, 801 [2009]; *People v Davis*, 27 AD3d 761, 762 [2006]; *People v Carillo*, 297 AD2d 288, 289 [2002]; *cf. People v Simmons*, 29 AD3d 1024, 1025 [2006]; *People v Morton*, 288 AD2d 557, 559 [2001], *cert denied* 537 US 860 [2002]; *People v Cosme*, 203 AD2d 375, 376 [1994]). Moreover, the sentence imposed was not excessive (*see People v Maldonado*, 205 AD2d 933, 934 [1994]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.