■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE THATCHER, Appellant. [925 NYS2d 855]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Wetzel, J.), rendered April 16, 2010, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for resentencing in accordance herewith.

Although the defendant contends that the Supreme Court erred in denying his *Batson* challenge (*see Batson v Kentucky*,

476 US 79 [1986]) because the prosecutor's explanation for peremptorily challenging two black potential jurors was allegedly pretextual, the Supreme Court properly determined that the *Batson* challenge was without merit (*see People v Dehaarte*, 65 AD3d 593 [2009]). The defendant failed to satisfy his burden of demonstrating that the facially race-neutral explanation given by the prosecutor was a pretext for racial discrimination (*see People v Payne*, 88 NY2d 172 [1996]).

Moreover, the Supreme Court did not err in denying the defendant's request that, in response to the jury's request during deliberations for a police report which was not in evidence, the court inform the jury that there was testimony available addressing the report (*see People v Salaman*, 231 AD2d 464 [1996]; *People v Roman*, 182 AD2d 519, 519 [1992]).

The defendant's contention with respect to the People's summation is unpreserved for appellate review and, in any event, without merit.

The defendant correctly argues, however, that, under the circumstances presented here, the Supreme Court improperly considered the defendant's trial strategy to be an "aggravating factor" during sentencing (*see People v Patterson*, 106 AD2d 520 [1984]; *People v Suitte*, 90 AD2d 80, 84 [1982]; *cf. People v Tripp*, 283 AD2d 447 [2001]). Accordingly, we vacate the sentence and remit the matter to the Supreme Court, Westchester County, for resentencing.

In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.