■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HATCHER, Appellant. [13 NYS3d 459]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered December 13, 2011, convicting him of rape in the first degree (four counts), sexual abuse in the second degree (four counts), sexual misconduct (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention regarding the testimony elicited from the People's expert as to why victims of sexual abuse or rape may delay in reporting the crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ennis*, 107 AD3d 1617 [2013]; *People v Clas*, 54 AD3d 770 [2008]). In any event, the expert's testimony was properly offered for the purpose of helping to explain the complainant's behavior after the subject rapes, which was not within the knowledge of the average juror (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Torres*, 78 AD3d 866 [2010]; *People v Gillard*, 7 AD3d 540, 541 [2004]). Contrary to the defendant's contention, it was not inconsistent, under the circumstances, to allow this testimony while also allowing evidence regarding the outcry the complainant made when the first suitable opportunity arose (*see People v Shelton*, 1 NY3d 614 [2004]; *People v Rice*, 75 NY2d 929, 931 [1990]; *People v Caban*, 126 AD3d 808 [2015]).

The defendant's contention that his right to confrontation was violated (*see Crawford v Washington*, 541 US 36 [2004]) is unpreserved for appellate review and, in any event, without merit (*see People v Johnson*, 127 AD3d 785 [2015]; *People v Tucker*, 117 AD3d 1090 [2014]; *People v Fucito*, 108 AD3d 777 [2013]).

The defendant's contention that he was deprived of his right to a fair trial by certain remarks made by the prosecutor during summation is also unpreserved for appellate review (*see*

CPL 470.05 [2]; *People v Clemente*, 84 AD3d 829, 830-831 [2011]; *People v Charles*, 57 AD3d 556, 556 [2008]; *People v Gill*, 54 AD3d 965, 966 [2008]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

Since he did not set forth the issue on the record at the time of sentencing, the defendant also failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial (*see People v Hurley*, 75 NY2d 887 [1990]; *People v Simmons*, 29 AD3d 1024 [2006]). In any event, the Supreme Court did not impermissibly punish him for exercising his right to proceed to trial by imposing a sentence that was harsher than the one offered during plea negotiations (*see People v Seignious*, 114 AD3d 883, 885 [2014]; *People v Robinson*, 84 AD3d 1277, 1277-1278 [2011]; *People v Price*, 256 AD2d 596, 597 [1998]; *cf. People v Simmons*, 29 AD3d 1024 [2006]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v McBride*, 103 AD3d 920, 921 [2013]; *People v Ropiza*, 100 AD3d 935, 936 [2012]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The contentions raised in the defendant's pro se supplemental brief regarding the prosecution's alleged failure to correct allegedly false testimony are unpreserved for appellate review and, in any event, are without merit (*see People v Clanton*, 69 AD3d 754 [2010]). Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.