Pigott, J.
(dissenting). In my view, an appearance of judicial vindictiveness arises when a trial judge is aware of an unsuccessful plea discussion and, after trial, the same judge sentences the defendant to a jail term that is significantly harsher than that offered in the plea. Regardless of how one feels about the plea offer or the ultimate sentence after trial, an explanation of the disparity is required. Without it, a conclusion that defendant is being punished for exercising his or her right to a trial is ineluctable and reflects badly on the court. Therefore, I dissent.
*201 Defendant was charged with rape in the first degree, first-degree course of sexual conduct against a child and lesser charges relating to his criminal actions — serious charges indeed. However, during the two years that the case was awaiting trial, the prosecution repeatedly offered a disposition of no prison time. Indeed, the prosecutor put before the trial court an offer of probation in return for a plea of guilty to rape in the second degree. The court expressed no objection to such a resolution at that time. Defendant asked for time to consider the offer, but eventually rejected it.
Following conviction, and at the time of original sentencing, the victim made an impact statement and the prosecution asked that the maximum sentence be imposed by the court. Defendant was accompanied by numerous family and friends at sentencing, and presented over 40 letters of support detailing his life and accomplishments. He had no criminal history and the presentence report was noted by the court to be very favorable to him. Before imposing sentence, the court, stating that no sentence could “erase [the victim’s] pain” and hoping that she could “find comfort and closure,” imposed the maximum sentence of 20 years.
Following reversal of his sentence for reasons not germane to this discussion, defense counsel argued prior to resentencing that, given the plea offers of probation in this case, any sentence even close to the maximum term would be a gross disparity and call into question whether defendant was being punished for exercising his right to a trial. Nevertheless, the court imposed the most severe sentence permitted. It noted that it had originally imposed what it “felt was the appropriate sentence,” but did not comment on why a sentence of probation before trial became a maximum sentence of imprisonment afterwards.
It goes without saying that plea bargaining is part of our criminal justice system (Bordenkircher v Hayes, 434 US 357 [1978]). And we have said that during the bargaining process, the State may encourage a guilty plea by offering certain benefits, such as reduced exposure to the potential maximum sentence otherwise available, notwithstanding the fact that this has the effect of discouraging a defendant’s assertion of his right to a trial (see People v Pena, 50 NY2d 400 [1980]). It follows that the fact that a sentence imposed after trial is greater than that offered during a plea negotiation is no clear indication that the defendant is being punished for asserting *202 his right to proceed to trial. “Given that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea” (Pena, 50 NY2d at 412 [emphasis and citations omitted]). However, it is equally true that if a defendant refuses to plead guilty and goes to trial, retaliation or vindictiveness may play no role in sentencing following a conviction (see Corbitt v New Jersey, 439 US 212 [1978]). The conventional concerns in sentencing, which include the considerations of deterrence, rehabilitation, retribution, and isolation, must be the factors weighed when sentence is imposed (see People v Suitte, 90 AD2d 80 [2d Dept 1982]).
The “presumption of vindictiveness” of a sentence arose out of the United States Supreme Court case North Carolina v Pearce (395 US 711 [1969]). There the defendant, Pearce, was convicted in a North Carolina court of assault with intent to rape and sentenced to serve 12 to 15 years in prison; in a companion case, the defendant, Rice, pleaded guilty to four charges of burglary and was sentenced in an Alabama court to serve a total of 10 years. After having served several years, Pearce was granted a new trial because a confession used against him was held to have been obtained in violation of his constitutional right not to be compelled to be a witness against himself; Rice’s conviction was set aside because, although he was indigent, he had not been provided with a court-appointed lawyer at the time he made his guilty plea. Both were re-tried and again convicted. Rice’s sentence was increased to 25 years, and no credit was given for time he had previously served; Pearce was sentenced to eight years which, when added to the time he had already served, amounted to a longer sentence than originally imposed. Because in neither case did the record contain any justification for the increased sentence, the United States Supreme Court reversed the sentences as being unconstitutionally vindictive.
This Court adopted the Pearce presumption in cases where a defendant is successful on appeal and after a retrial receives a much greater sentence than his original one (see People v Van Pelt, 76 NY2d 156 [1990]). The majority chooses to use the distinction between a retrial following a successful appeal and a mere offer followed by a trial to distinguish this case. But to me, this makes no sense. The issue is vindictiveness, not procedural routes.
*203 New York appellate courts have routinely reduced sentences in cases in which the disparity between the plea offer and the imposed sentence was great. For example, in People v Brown (70 AD2d 505, 505-506 [1st Dept 1979]), the Court reduced a sentence where there was a disparity between the plea offer of 3V3 to 10 years and imposed sentence of 8 to 24 years. The Court found the sentence “create [d] the appearance that the defendant was being punished for proceeding to verdict, rather than receiving merely the sentence which his crime and record justified” {id.). In People v Cosme (203 AD2d 375 [2d Dept 1994]), the Court reduced a sentence to 15 years to life because of the disparity between plea offer of 8 years to life and imposed sentenced of 25 years to life. While those Courts may have done so through their interest of justice jurisdiction, I suggest that this Court’s authority — as a matter of law — can, has and should be used to require an explanation in cases such as the one before us.
The difference between the sentences in this case is glaring. A court cannot claim to be surprised by testimony in a rape case that has been pending before it since the time of its indictment. There is no showing in this record that the sexual assault, serious as it was, merited a choice between letting the alleged perpetrator walk the streets following a sentence of probation or 20 years in jail. An explanation, hopefully a reasonable one, is necessary. Had the court indicated the basis for the increased sentence, this Court may have considered this information sufficient to render the sentence “non-vindictive.” With a ten to twentyfold increase in sentence, the sentencing court should “at a minimum state on the record the additional facts which emerged . . . that changed the court’s viewpoint on sentencing, and how those matters factored into the court’s decision” (Longley v State, 902 So 2d 925, 929 [Fla Dist Ct App 2005]).
For these reasons, I would reverse the imposition of the sentence and remit the matter to the trial court for resentencing, this time with an explanation for the disparity, if any.
Judges Rivera, Abdus-Salaam, Stein and Fahey concur; Judge Pigott dissents in an opinion.
Order affirmed.