Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered September 30, 2015, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of seven years for burglary in the second degree, one year for criminal possession of stolen property in the fifth degree, and one year for petit larceny.
 

 Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for burglary in the second degree to a determinate term of imprisonment of four years; as so modified, the judgment is affirmed.
 

 Viewing the evidence adduced at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The decision to declare a mistrial rests in the broad discretion of the trial judge, who is best situated to take all the circumstances into account and determine whether a mistrial is in fact required (see Matter of Plummer v Rothwax, 63 NY2d 243, 250 [1984]; People v Clearwater, 269 AD2d 462, 462 [2000]). This decision is entitled to great deference by reviewing courts (Matter of Plummer v Rothwax, 63 NY2d at 250). The reason for granting the mistrial, however, must be “actual and substantial” (Matter of Enright v Siedlecki, 59 NY2d 195, 200 [1983]; see Matter of Roey v Lopresto, 122 AD3d 929, 931 [2014]; Matter of Taylor v Dowling, 108 AD3d 566, 568 [2013]). “Even if the reasons for granting a mistrial are deemed actual and substantial, the court must explore all appropriate alternatives prior to granting a mistrial” (Matter of Taylor v Dowling, 108 AD3d at 568 [internal quotation marks omitted]; see Matter of Cohen v Lotto, 19 AD3d 485, 487 [2005]; Matter of Pronti v Allen, 13 AD3d 1034, 1036 [2004]). Contrary to the defendant’s contention, under the circumstances of this case, the trial court providently exercised its discretion in not declaring a mistrial because the court implemented appropriate alternatives to restarting the entire jury selection process (see Matter of Cohen v Lotto, 19 AD3d at 487; People v Adorno, 216 AD2d 686, 687 [1995]; People v Thomas, 212 AD2d 474, 475 [1995]), and because the parties were given a fair opportunity to question the prospective jurors as to whether the absence of the co-defendant affected their qualifications to serve as jurors (see CPL 270.15 [1] [c]).
 

 The defendant failed to preserve for appellate review his contention that the sentencing court penalized him for exercising his right to a jury trial, because he did not set forth this issue on the record at the time of sentencing (see People v Cruz, 137 AD3d 1158, 1160 [2016]; People v Hatcher, 130 AD3d 648, 649 [2015]). This Court nevertheless reaches the defendant’s argument in the interest of justice (see People v Delgado, 80 NY2d 780, 783 [1992]; People v Kordish, 140 AD3d 981, 982 [2016]). “If a defendant refuses to plead guilty and goes to trial, retaliation or vindictiveness may play no role in sentencing following a conviction. Rather, the conventional concerns involved in sentencing, which include the considerations of deterrence, rehabilitation, retribution, and isolation, must be the only factors weighed when sentence is imposed” (People v Patterson, 106 AD2d 520, 521 [1984] [citations omitted]). “The fact that the sentence imposed after trial was greater than that offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial” (People v Cruz, 137 AD3d at 1160, citing People v Valery, 135 AD3d 975 [2016]). Nevertheless, such disparities are a factor in the court’s overall analysis when deciding whether a sentence was vindictive (see People v Thatcher, 85 AD3d 1065 [2011]; People v Simmons, 29 AD3d 1024 [2006]; People v Cosme, 203 AD2d 375 [1994]; People v Peterson, 126 AD2d 680 [1987]; People v Accolla, 124 AD2d 663 [1986]; People v Patterson, 106 AD2d 520 [1984]).
 

 The defendant, who has no prior felony convictions, was offered a sentence of a definite term of imprisonment of one year as part of a plea agreement. His codefendant, who pleaded guilty to burglary in the second degree, was sentenced to a determinate term of six years’ imprisonment, to run concurrently with a four-year sentence that he was already serving on a different case. In addition, the sentencing court admonished the defendant for putting the elderly complaining witness through the “ordeal” of a trial even though the defendant was caught “red-handed.” Under these circumstances, the sentence of seven years’ imprisonment raises the inference that the defendant was penalized for exercising his right to a jury trial (see People v Thatcher, 85 AD3d 1065 [2011]; People v Simmons, 29 AD3d 1024 [2006]; People v Cosme, 203 AD2d 375 [1994]; People v Peterson, 126 AD2d 680 [1987]; People v Ac-colla, 124 AD2d 663 [1986]; People v Patterson, 106 AD2d 520 [1984]). Accordingly, we reduce the sentence to the extent indicated herein.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.