People v Mendez (2020 NY Slip Op 06812)





People v Mendez


2020 NY Slip Op 06812


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-06891
 (Ind. No. 1728/17)

[*1]The People of the State of New York, respondent,
v
Ramon Mendez, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered May 9, 2018, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and sentencing him to two concurrent determinate terms of imprisonment of 15 years, to be followed by 5 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from two concurrent determinate terms of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, to two concurrent determinate terms of imprisonment of 12 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant's challenge to his sentence as unconstitutional under Apprendi v New Jersey (530 US 466), is without merit (see generally People v Bridges, 63 AD3d 752, 753).
Contrary to the defendant's further contention, the record does not establish that the trial court impermissibly increased his punishment solely for asserting his right to proceed to trial (see People v Patterson, 106 AD2d 520, 521). The fact that the sentence imposed after the defendant elected to proceed to trial was greater than that offered during plea negotiations does not, standing alone, demonstrate that the defendant was punished for asserting his right to proceed to trial (see People v Cruz, 137 AD3d 1158, 1160; People v Valery, 135 AD3d 975, 976; see also People v Pena, 50 NY2d 400, 411). Furthermore, the difference between the sentence offered in a plea negotiation and that ultimately imposed was not "so great as to . . . create the appearance that the defendant was being punished for proceeding to [trial]" (People v Brown, 70 AD2d 505, 506; see People v Bradley, 73 AD3d 1198, 1199; cf. People v Hodge, 154 AD3d 963, 965).
Upon our independent review, however, we conclude that the sentence was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court