People v Ellerbee (2022 NY Slip Op 02016)





People v Ellerbee


2022 NY Slip Op 02016


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-04940
 (Ind. No. 5783/18)

[*1]The People of the State of New York, respondent,
v
Alvin Ellerbee, appellant.


Patricia Pazner, New York, NY (Anders Nelson of counsel; Laurenne Ferber-Kaufman, Todd Fitch, and Eddie Pruette on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered April 9, 2019, convicting him of criminal possession of a controlled substance in the fourth degree, bail jumping in the first degree, and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of 5 years to be followed by a period of postrelease supervision of 2 years on the conviction of criminal possession of a controlled substance in the fourth degree, 1 to 3 years on the conviction of bail jumping in the first degree, and 30 days on the conviction of aggravated unlicensed operation of a motor vehicle in the third degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the conviction of aggravated unlicensed operation of a motor vehicle in the third degree and the sentence imposed on that count, and (2) by reducing the sentence imposed on the conviction of criminal possession of a controlled substance in the fourth degree from a term of imprisonment of 5 years to be followed by a period of postrelease supervision of 2 years to a term of imprisonment of 3 years to be followed by a period of postrelease supervision of 2 years; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the count of aggravated unlicensed operation of a motor vehicle in the third degree.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from him following his arrest, since the credible evidence at the suppression hearing established that the police had probable cause to arrest the defendant (see People v Hines, 172 AD3d 1225, 1225-1226; People v Colselby, 240 AD2d 227). Contrary to the defendant's contention, the testimony of the arresting officer at the suppression hearing was not incredible as a matter of law, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Garcia, 189 AD3d 879, 881).
The defendant's contention that his rights under the Confrontation Clause of the Sixth [*2]Amendment of the United States Constitution (see US Const 6th Amend) were violated by the admission of testimony from an employee of the Department of Motor Vehicles (hereinafter DMV) regarding notices of suspension of his driver license is unpreserved for appellate review (see CPL 470.05[2]). However, under the particular circumstances of this case, we reach that issue in the exercise of our interest of justice jurisdiction (see id. § 470.15[6][a]; People v Gonsalves, 170 AD3d 886, 887). Here, the defendant was not afforded the opportunity to cross-examine a DMV employee who was directly involved in sending out the suspension notices or who had personal familiarity with the mailing practices of the DMV's central mail room or with the defendant's driving record (see People v Stokeling, 165 AD3d 1180, 1181; People v Francis, 114 AD3d 699, 700). Thus, the testimony of the DMV employee was improperly admitted in order to establish an essential element of the crime of aggravated unlicensed operation of a motor vehicle in the third degree in violation of the defendant's right of confrontation (see People v Stokeling, 165 AD3d at 1181; see also Crawford v Washington, 541 US 36). Accordingly, we modify the judgment of conviction by vacating the conviction of aggravated unlicensed operation of a motor vehicle in the third degree, and order a new trial on that count.
The defendant's contention that he was penalized for exercising his right to a jury trial is unpreserved for appellate review, since he did not raise it at the sentencing hearing (see People v Robinson, 195 AD3d 950, 952). Nevertheless, under the particular circumstances of this case, we reach that issue in the exercise of our interest of justice jurisdiction (see People v Hodge, 154 AD3d 963, 965). "'If a defendant refuses to plead guilty and goes to trial, retaliation or vindictiveness may play no role in sentencing following a conviction. Rather, the conventional concerns involved in sentencing, which include the considerations of deterrence, rehabilitation, retribution, and isolation, must be the only factors weighed when sentence is imposed'" (id. at 965, quoting People v Patterson, 106 AD2d 520, 521). Although "[t]he fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his [or her] right to proceed to trial" (People v Ramirez, 157 AD3d 718, 720), "such disparities are a factor in the court's overall analysis when deciding whether a sentence was vindictive" (People v Hodge, 154 AD3d at 965).
Here, prior to trial, the Supreme Court made its own plea offer to the defendant of an aggregate term of 1½ years of imprisonment to be followed by a period of 2 years of postrelease supervision in full satisfaction of the 16-count indictment in exchange for a plea of guilty to the top counts of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The court then stated to the defendant: "You should understand the way I operate is as follows: Before trial with me you get mercy; after trial you get justice" (emphasis added). The defendant declined the plea offer and proceeded to trial, after which he was acquitted of the top counts of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The court then sentenced the defendant on the conviction of criminal possession of a controlled substance in the fourth degree to a term of 5 years of imprisonment to be followed by a period of postrelease supervision of 2 years. Although the court did not impose the maximum sentence on that count of 5½ years of imprisonment (see Penal Law § 70.70[2][a][ii]), the court expressed its belief that it had sentenced the defendant "to the maximum on the top count" for which he was convicted at trial. Viewed in conjunction with the court's statement to the defendant that if he declined to take a plea, he would "get justice," not "mercy," the sentence imposed on the count of criminal possession of a controlled substance in the fourth degree raises an inference that the defendant was penalized for exercising his right to a jury trial (see People v Hodge, 154 AD3d at 965; People v Simmons, 29 AD3d 1024; People v Accolla, 124 AD2d 663, 664; People v Patterson, 106 AD2d at 521; U.S. v Cruz, 977 F2d 732, 733-734 [2d Cir]). Based upon our independent review of the record and consideration of the "acceptable objectives of sentencing" (People v Accolla, 124 AD2d at 664; see People v Suitte, 90 AD2d 80), we reduce the sentence imposed on the conviction of criminal possession of a controlled substance in the fourth degree to a term of imprisonment of 3 years to be followed by a period of postrelease supervision of 2 years.
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court