People v Franklin (2022 NY Slip Op 04308)

People v Franklin

2022 NY Slip Op 04308

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-06088
 (Ind. No. 2709/16)

[*1]The People of the State of New York, respondent,
v
Cid C. Franklin, appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered April 16, 2019, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was convicted of criminal possession of a weapon in the second degree based on allegations that the police recovered a silver gun following a search of the basement of the home where he allegedly lived.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see US Const, 6th Amend) were violated because the Supreme Court admitted into evidence a Criminal Justice Agency (hereinafter the CJA) form through an employee of the CJA who did not create the form, and it was not shown that the creator of the form was unavailable. Critically, the CJA form listed the defendant's address as the basement of the home where the police searched and recovered the silver gun. We agree with the defendant, and reverse.
The Confrontation Clause prohibits the introduction of testimonial evidence untested by cross-examination, unless the witness who made the statement is unavailable, and the defendant had a prior opportunity to cross-examine the witness (see Crawford v Washington, 541 US 36, 49-55, 68). Testimony is "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact" (id. at 51 [internal quotation marks omitted]; see Melendez-Diaz v Massachusetts, 557 US 305). A statement is testimonial even where it is "inculpatory only when [*2]taken together with other evidence" or made by a non-accusatory witness (Melendez-Diaz v Massachusetts, 557 US at 313).
Here, the testimony of the CJA employee and the CJA form were admitted in order to establish an essential element of the charges of criminal possession of a weapon in the second and third degrees, in violation of the defendant's right of confrontation (see id. at 310-311; People v John, 27 NY3d 294, 307-316; People v Ellerbee, 203 AD3d 1068). The defendant was never given the opportunity to cross-examine the CJA employee who prepared the CJA form, and, in admitting the CJA form through an employee who did not prepare the form, the Supreme Court failed to ensure that the defendant's Sixth Amendment right of confrontation was protected (see People v Ellerbee, 203 AD3d 1068; People v Stokeling, 165 AD3d 1180; People v Francis, 114 AD3d 699). The error in admitting the CJA form was not harmless beyond a reasonable doubt because the evidence of the defendant's guilt, without reference to the error, was not overwhelming, and there was a reasonable possibility that the error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 237; People v Markman, 83 AD2d 644; People v MacKenzie, 78 AD2d 892). Accordingly, we reverse the judgment and order a new trial.
In light of our determination, we need not address the defendant's remaining contentions.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court